RICHARDS *vs.* ENO.

In an action of trespass, *quare clausum fregit*, brought to the county court, demanding seventy dollars damages, and to which the defendant pleaded the general issue, with notice that he would prove that the *locus in quo* was his soil and freehold, the plaintiff obtained a verdict, and the defendant thereupon appealed the cause to the superior court, but no record was made by the county court, that the title to land was in question. On motion made in the superior court, to erase the cause from the docket; held that such plea and notice were not sufficient to show that the title to land was in question on the trial.

THIS was an action of trespass, *quare clausum fregit*, brought to the county court of Hartford county, demanding seventy dollars damages, with costs of suit.

The defendant pleaded the general issue, with notice that he would prove on the trial that the *locus in quo*, at the time of the grievances complained of in the plaintiff's declaration, was his soil and freehold. The cause was tried before the jury, who returned a verdict in favor of the plaintiff. The defendant then appealed the cause to the superior court, no record having been made in the county court, that the title to land was in question. The plaintiff moved in the superior court, that the cause be erased from the docket, on the ground

that it did not appear that said superior court had jurisdiction of said cause.

The motion was sustained, and the cause stricken from the docket of the superior court, and remanded to the county court.

The defendant thereupon filed a motion in error, and the cause was brought before this court.

*Fellowes* and *Chapman & Drake*, for the plaintiff in error.

By the Rev. Stat., p. 67, § 69, where the title to lands is drawn in question and determined, an appeal is allowed. If the damages are less than $70, if the title is in question, the court are to make a record. But the statute does not authorize a record in this case, where the damages demanded are exactly $70.

1. The general issue and notice show, that the title was drawn in question and determined. *Mansfield* v. *Church*, 21 Conn. R., 73. *Radley* v. *Brice*, 6 Wend., 539. *Rider* v. *Hathaway*, 2 Met., 96.

2. The allowance of the appeal, under these pleadings and notice, shows by implication, that the title was drawn in question and determined; otherwise, the county court would not have allowed the appeal. *Curtiss* v. *Beardsley*, 15 Conn. R., 518.

3. As the statute does not authorize the county court to make a record, in a case like this, if the order of the superior court was right, the result will be, that a party can never appeal, in such cases, although the decision, in *fact*, turns on title alone, unless he has pleaded a *special plea of title*. This would be to impair the effect of the statute, allowing title to be given in evidence under the general issue with notice.

*T. C. Perkins* and *Nash*, for the defendant in error.

1. It was the design of the statute to confine cases of minor importance to inferior courts. Where the title of land was *determined* below, so that the pleadings would make the decision *conclusive*, it is within the general scope of the statute

to allow an appeal. But not so that upon coming into the higher court, the question of title could be abandoned, and the verdict made to turn upon a slight trespass.

2. In a case like the present, demanding exactly $70 dam-ages, no appeal is allowable, unless the title was "deter-mined." Rev. Stat., § 69. This means that the record should show it was so decided, as to be conclusive.

3. A *notice*, is not such part of the pleading, that aver-ments therein are passed upon by the jury.

HINMAN, J. The damages demanded by the plaintiff in this action, being seventy dollars only, the cause was not appealable, under that provision of the statute which requires "the debt, damage, or matter in dispute," to exceed that sum to make it so. Stat., ed. 1854, p. 71, § 69. 14 Conn. R., 238. There was no plea of title, and we do not think the general issue, with notice that the defendant would prove title in himself in the *locus in quo*, though for some purposes tantamount to such a plea, sufficient to show that the title was, in fact, drawn in question on the trial. It merely shows that it might have been, not that it was; and, as there was no record made by the county court that it was in question on the trial, the cause was not appealable on any ground; and the superior court, not having jurisdiction of it, was correct in erasing it from the docket. It is claimed that the county court had no authority to make a record that the title to land was in question, the demand in the writ being exactly seventy dollars, and the statute only providing for such a record where the demand is less than that sum. We think this is rather sticking in the bark. It is true, reading the stat-ute literally, it provides for an appeal in all actions demand-ing more than seventy dollars, and also for an appeal in all actions of trespass, *quare clausum fregit*, demanding less than seventy dollars, provided a record is made that the title to land was in question in such action, thus leaving a class of actions, where the demand is exactly seventy dollars, unpro-

vided for. But it is quite obvious that this was not the intention of the legislature, which was to provide for an appeal, in all cases where the title to land is in question on the trial. But statutes are seldom drawn up with technical accuracy and precision; and hence, the rule that, in construing remedial statutes, we are to look at the reason, spirit, and object of them, in order to get at the intention. We think it was the duty of the county court in this case, if it had been called upon to do so, and the facts would have justified it, to have made a record that the title to land was in question; and on such a record only could the case be appealed.

The cases cited by the defendant, relating to the taxation of costs, are not applicable to this question. We think there is no error in the judgment complained of.

In this opinion the other judges concurred, except ELLS-WORTH, J., who was disqualified.

Cause not appealable, and remanded.